# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ROBERT E. ICENHOUR, Register No. 296117, )
)
            Plaintiff, )
)
        v. ) No. 08-4287-CV-C-SOW
)
JILL McGUIRE, et al., )
)
           Defendants. )

## ORDER

On February 6, 2009, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). No exceptions have been filed, although plaintiff has submitted a request for leave to amend his complaint which was docketed as an amended complaint.

A review of the record convinces the court that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff's amended complaint should also be dismissed. In his amendment, plaintiff states he is dropping the current defendants and bringing his claim solely against the State of Missouri. Section 1983 of Title 42, United States Code, is directed to persons acting under color of state law, not individual states. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Thus, the State of Missouri is not a proper party to an action brought under section 1983. Aubuchon v. State of Missouri, 631 F.2d 581, 582 (8th Cir. 1980).

On February 9, 2009, plaintiff filed a motion to compel. Plaintiff misstates or misunderstands the order of January 13, 2009, which addresses only the withdrawal of his initial partial filing fee and subsequent installment payments.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is

considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of February 6, 2009, is adopted. [12] It is further

ORDERED that plaintiff's original and amended claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

ORDERED that plaintiff's motion of February 9, 2009, is denied. [13]

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: April 6, 2009

2